IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JENI MADDUX, et al.            )
                               )
        Plaintiffs,            )
                               )
    v.                         )   Case No. 08-0461-CV-W-REL
                               )
GREAT AMERICAN INSURANCE CO.,  )
et al.,                        )
                               )
        Defendants.            )

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND,
GRANTING DEFENDANT MRCA SERVICES' MOTION TO REMAND**

Before the court is a motion to remand filed by defendant MRCA Services, and a motion to remand filed by plaintiffs on the ground that not all defendants consented to removal. I find that under either the dismissal standard or the summary judgment standard, MRCA is not a nominal party and has not been fraudulently joined. Therefore, the motions to remand will be granted.

*I.    BACKGROUND*

Plaintiffs Jeni Maddux, Gilbert Maddux, and the Estate of Delores Maddux brought suit against defendant MRCA and others in the Circuit Court of Jackson County, Missouri. On October 31, 2007, a trial was held before the Honorable Edith Messina in the case Maddux v. MRCA. At the conclusion of that trial, the court found for the plaintiffs and entered a judgment in the amount of $854,389.81.

On May 30, 2008, plaintiffs filed a garnishment action in Jackson County Circuit Court against Great American Insurance Company ("GAI"), Hartford Insurance Company, and MRCA Services. The petition alleged that GAI and Hartford were liable for the judgment entered against MRCA and that payment in full or in part was tendered to MRCA by GAI for the judgment, costs, or fees and MRCA had not paid that money to plaintiffs. On June 20, 2008, defendant GAI removed the case to federal court. In its notice of removal, GAI included the following:

> 10. Defendant The Hartford Insurance Company is a non-resident defendant that has not yet been served with process, therefore it is not required to consent to removal. <u>Lewis v. Rego Company</u>, 757 F.2d 66 (3rd Cir. 1985).
>
> 11. Defendant MRCA has not consented to removal. However, Defendant MRCA's consent is not necessary because it is a nominal defendant and/or a defendant who has been fraudulently joined. Upon information and belief, MRCA has entered into a settlement agreement with the plaintiffs pursuant to §537.065 of the Missouri Revised Statutes. Counsel for Defendant Great American has requested but not received a copy of the settlement agreement. Assuming the settlement agreement meets traditional 537.065 requirements, the plaintiffs have agreed to limit execution of the underlying judgment of $854,389 against the insurance policies at issue in this garnishment matter. Further, Plaintiffs have agreed not to levy execution upon any of the assets of MRCA. As such, MRCA will not be affected by an adverse judgment on the merits, and is therefore either a nominal defendant or a defendant that has been fraudulently joined. <u>Thorn v. Amalgamated Transit Union</u>, 305 F.3d at 833. Accordingly, MRCA's consent is not necessary to remove this matter to this Court.

On July 17, 2008, defendant MRCA Services filed a motion to remand (document number 8) arguing that it is not a nominal

2

defendant and did not consent to removal.  The following day, plaintiffs filed a motion to remand on the same grounds.

On July 21, 2008, defendant Hartford filed a notice of consent to removal.

On August 15, 2008, defendant GAI filed suggestions in opposition to plaintiffs' motion to remand (document number 20) and to MRCA Services's motion to remand (document number 21). Defendant Hartford did not file objects to either motion, nor did Hartford join in defendant GAI's suggestions in opposition.

On August 27, 2008, plaintiffs filed a reply brief (document number 22).

On September 23, 2008, GAI filed supplemental suggestions in opposition (document number 25) after having obtained a copy of the settlement agreement between plaintiffs and MRCA Services. That agreement was attached as an exhibit.  On October 15, 2008, plaintiffs filed a supplemental reply.

Settlement negotiations occurred during November 2008 through January 2009.  On January 8, 2009, defendant GAI moved to withdraw its opposition to both motions to remand (document number 42).  On January 20, 2009, plaintiffs filed supplemental suggestions in support of the motion to remand (document number 45).  Plaintiffs pointed out that GAI was the only defendant to object to remand, and GAI withdrew its objections leaving the motions to remand unopposed.  The following day, Hartford filed

3

suggestions in opposition to the motions to remand (document number 46), arguing that "GAI carried the laboring oar on the removal because it was served over a month before Hartford was served.  This defendant consented to the removal.  Plaintiff points to no statute or rule that required Hartford to add to the extensive work that was ably performed by GAIC's counsel.  Accordingly, Hartford did not burden the record with unnecessary or duplicative briefings."

*II.  REMOVAL*

Removal is authorized by 28 U.S.C. § 1441 and governed by 28 U.S.C. § 1446.  <u>Augustine v. Target Corp.</u>, 259 F. Supp. 2d 919, 921 (E.D. Mo. 2003).  "Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." <u>Id</u>. at 921; quoting <u>Marano Enterprises of Kansas v. Z-Teca Rests.</u>, 254 F.3d 753, 755 n. 2 (8th Cir. 2001). "However, nominal defendants, those 'against whom no real relief is sought,' need not join in the petition."  <u>Augustine</u>, at 921; quoting <u>Thorn v. Amalgamated Transit Union</u>, 305 F.3d 826, 833 (8th Cir. 2002).

A nominal party has been defined as "[a] party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects." Black's Law Dictionary 1145 (7th ed. 1999).

4

Title 28, United States Code, Section 1447(c) mandates a remand of the case to the state court from which it was removed whenever the district court concludes that subject matter jurisdiction, which is based on complete diversity, is nonexistent. Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003).

Under the doctrine of fraudulent joinder, joinder of a party that is designed solely to deprive federal courts of jurisdiction is deemed fraudulent and does not prevent removal. Augustine v. Target Corp., 259 F. Supp. 2d at 921; see also, Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 187 (E.D. Mo. 1995); citing Anderson v. Home Insurance Co., 724 F.2d 82, 84 (8th Cir. 1983). Joinder is fraudulent if, on the face of the state court petition, no cause of action lies against the non-consenting defendant. Reeb, at 187; Anderson, at 84. If there is no reasonable basis in fact or law supporting the claim against the non-consenting defendant, or the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the non-consenting defendant, joinder is fraudulent and removal is proper. Id. The burden of proof rests with the removing party. Reeb, at 187.

In Dumas v. Patel, 317 F. Supp. 2d 1111 (W.D. Mo. 2004), the Honorable Howard Sachs found that a summary judgment standard should apply when the courts are considering whether subject

5

matter jurisdiction exists. Judge Sachs rejected, at least under the circumstances of the case before him, the dismissal standard used in the Eastern District of Missouri, i.e., looking no further than the pleadings. See Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1142 (E.D. Mo. 2004); Augustine v. Target Corp., 259 F. Supp. 2d 919 (E.D. Mo. 2003).

In this case, I decline to determine which standard should be used, as I find that under either standard remand is appropriate.

Using the dismissal standard, i.e., looking no further than the pleadings, I find that plaintiffs alleged in their petition that they obtained a judgment for $854,389.81 against MRCA which, at the time the petition was filed, remained unpaid. The petition alleges that GAI and Hartford insured MRCA and that the judgment against MRCA was covered by those insurance policies. The petition alleges that "[p]ayment in full or part was tendered to Defendant MRCA and/or one or more of its affiliates by Defendant Great American Insurance Company for the judgment entered November 6, 2007 or for costs and fees associated therewith", that MRCA had a duty to pay plaintiffs in the event of any payment by GAI, and that MRCA had agreed to pay plaintiffs in the event that any payment was made to it by GAI. These allegations sufficiently set out a claim for breach of contract. If plaintiffs are able to prove that GAI made payment to MRCA and

6

that MRCA failed to forward that payment to plaintiffs, then MRCA will be liable for the amount of that payment. Therefore, it cannot be said that on the face of the state court petition, no cause of action lies against the non-consenting defendant, or MRCA. Because the agreement between plaintiffs and MRCA is outside the pleadings, it would not be considered using the dismissal standard.

Using the summary judgment standard, i.e., looking beyond the pleadings, the result is the same.

The agreement between plaintiffs and MRCA that was executed during the pendency of the first state lawsuit includes the following language:

> 8. If any Plaintiff obtains a monetary judgment in any amount against MRCA Services in the Lawsuit, plaintiffs and defendant agree to jointly pursue all claims against The Hartford Insurance Company and Great American Insurance Company in a subsequent lawsuit against both insurer(s) for either's failure to settle or defend the Lawsuit and failing to settle plaintiffs' injuries and damages in the Lawsuit within the policy limit which covers these defendants.
>
> 9. MRCA Services agrees to fully cooperate and participate in any future lawsuit whether brought by it or another against The Hartford or Great American and their agents or employees acting within the course and scope of their employment, including participating in and being named a party plaintiff in a suit or cause of action against The Hartford Insurance Company or Great American, their agents and employees acting within the scope of their employment.
>
> 10. The plaintiffs covenant and agree that none of them, nor any person, firm or corporation claiming by or through them, will levy execution by garnishment upon the personal assets or corporate assets of the defendants at any time in an attempt to satisfy any judgment, that any plaintiff may obtain against MRCA Services in the Lawsuit;

7

> specifically excluding, however, any and all plaintiffs may
> execute against the policies of insurance more specifically
> identified herein and issued by either The Hartford or Great
> American.
>
> * * * * *
>
> 12.  The parties further agree that, in the event any
> defendant or their [sic] affiliates obtains any recovery by
> demand, settlement judgment, award or otherwise that arises
> from any policy of insurance issued by Great American, after
> first payment to defendants (except defendant Benning) or
> its affiliates of money designated by Great American as
> either full or partial reimbursement for attorneys' fees
> incurred in the Lawsuit, defendants or their affiliates
> shall pay Jeni Maddux, seventy percent (70%) of any recovery
> and defendants or their affiliates shall be paid the
> remaining thirty percent (30%).  In the event recovery is
> obtained from Great American after the execution hereof and
> based on the efforts of counsel hereafter retained, the
> aforementioned 70/30 division shall be distributed to Jeni
> Maddux and the defendants (except defendant Benning) after
> payment of the attorney's fees and expenses incurred in
> obtaining any recovery from Great American.

In addition, GAI included an affidavit with its supplemental response stating that the Vice President of Claims in the Executive Liability Division of GAI reviewed the claims file and to the best of her knowledge "GAIC has not paid any monies to MRCA Services, LC or any of its affiliates for defense costs, expenses, other costs or damages associated with the above described lawsuit or claim by the Madduxes."

Plaintiffs point out that in GAI's answer, it states that it previously offered an allocation of "costs of defense" under the policy.  If GAI paid money to MRCA or offered to pay money to

8

MRCA and MRCA declined the payment, either would provide a basis for breach of contract against MRCA.[1]

In Dumas v. Patel, 317 F. Supp. 2d 1111 (W.D. Mo. 2004), the plaintiffs alleged that Patel was liable for the wrongful death of Janice Dumas in an automobile accident. The Dumas family and Patel settled the wrongful death suit for $50,000. Thereafter, the Dumas family and Patel entered into an agreement to limit recovery and not to enforce judgment pursuant to R.S. Mo. § 537.065. Later that year, the Dumas family filed an action in the Circuit Court of Jackson County, Missouri, for wrongful death negligence against Patel, and claims for product defect and negligence against the manufacturer Hyundai. Hyundai removed the case to federal court based on diversity. Dumas filed a motion to remand on the ground that there was not diversity. Hyundai contended that Dumas was fraudulently joined to defeat diversity.

The court noted that it was debatable whether Patel's continued presence in the case had any practical consequence. There was some tactical usefulness of keeping Patel and Hyundai in the same case for assessment of damages and fault. Under Missouri law Patel, even with the settlement agreement, could

---

[1] Furthermore, this information was provided by GAI in responses that have been withdrawn. Hartford did not file objections to plaintiff's motion to remand or to MRCA's motion to remand. Plaintiffs point out that Hartford did join and file suggestions when GAI filed a motion to conduct limited discovery.

9

still be sued for assessment of fault and an award of damages. Id.

In this case, if plaintiffs learn that GAI offered payment or made any payment to MRCA, then MRCA will have breached the agreement with plaintiffs and plaintiffs are no longer bound by their promise not to attempt to collect the $854,389.81 except through the insurers. Therefore, if plaintiffs' allegations in their complaint are true, then they have a valid cause of action against MRCA. I see no distinction between this case or the Dumas case which held that remand was appropriate even in that "debatable" situation.

Finally, an affidavit from a defendant merely denying the allegations in the complaint is insufficient to win on a summary judgment motion. See Ward v. Moore, 414 F.3d. 968, 971 (8th Cir. 2005). Therefore, defendant GAI's affidavit attached to its supplemental response is inapposite.

### III. CONCLUSION

Based on all of the above, I find that either under the dismissal standard or the summary judgment standard, MRCA is not a nominal party and has not been fraudulently joined. Therefore, because this case was removed without the consent of all the defendants, it is

ORDERED that plaintiff's motion to remand and defendant MRCA's motion to remand are granted.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 20, 2009

11